# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

GENE VERSAGE,

                **Plaintiff,**

-vs-                                                    **Case No.  6:05-cv-974-Orl-19JGG**

MARRIOTT INTERNATIONAL, INC.,

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS COMPLAINT AS SANCTION FOR FAILURE TO COMPLY WITH COURT ORDER TO APPEAR FOR DEPOSITION (Doc. No. 43)** |
| **FILED:** | **September 5, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.  BACKGROUND

        Pursuant to an agreement with Plaintiff's then counsel, Scott E. Siverson, Defendant Marriott

International, Inc. ("Marriott") noticed Plaintiff Gene Versage's deposition to take place at 9:00 a.m.

on August 8, 2006, in a private conference room at Marriott's "Grand Lakes" property.  Versage was

two hours late in appearing for her deposition.  When she arrived, Versage claimed that she did not

know where or when she was supposed to appear for her deposition.  (Siverson contended that he

provided adequate notice to Versage during the August 28, 2006 hearing on his motion to withdraw.)

After Versage's late arrival, the deposition was delayed by another 30 minutes because Versage objected to the videotaping of the deposition. Marriott's counsel had discussed with Siverson the fact of the videotaping and had properly included it in its deposition notice. Counsel also discussed Versage's concerns about videotaping the week prior to the scheduled deposition. After the deposition commenced, Versage claimed that she could not give complete and accurate testimony because she was too upset about the deposition and the videotaping, and claimed she was not provided sufficient information from Marriott or from her own counsel prior to the deposition.

When Marriott's counsel began to question Versage during the deposition, Versage failed to listen to and respond to counsel's questions. This resulted in counsel having to repeat numerous questions multiple times, and Versage giving non-responsive answers. Both Siverson and Marriott's counsel attempted to have Versage to slow down, and to focus and limit her answers to the pending question. Ultimately, the deposition was adjourned after 6:00 p.m. when the court reporter questioned her ability to continue.

At the end of the day on August 8, 2006, counsel for the parties, with Versage's input, agreed to reconvene and continue the deposition on August 15, 2006, the last day for discovery to be completed pursuant to the Court's Case Management and Scheduling Order ("CMSO").

At the August 15, 2006, deposition, Versage brought a Bible to the deposition and refused requests from Marriott's counsel and instructions by her own counsel, to place the Bible out of the view of the video recording during the questioning. Versage then refused to respond in simple, unequivocal terms to the court reporter's attempt to administer the oath, responding as follows:

Well, this is why I have the Bible here, because I believe the truth is very important.  I believe that the Bible says the truth shall set you free, although I haven't heard the truth throughout this past week. I don't feel like I've been treated fairly. I very -- feel that I've been put under unneedless [sic] pressure. I feel that I've been under unneedless stress and I don't feel that I've been given the proper time or information to properly prepare myself and to be able to speak in the proper way. This is why I have this, about love is tender, knows no genders, because I feel like I -- if I'm treated properly that also I know that God loves me. And I don't feel like the people are treating me with -- with re- -- respect that I deserve, especially with two hours of recorded testimony where Ms. Weitzel's been referring to me in inappropriate gender after I've tried to say that it was inappropriate and such an harassment, she still decided to do that, even two years after knowing that I was not a male and am not a male, that I am a female and she was aware of this. And the attorney -- her attorney went along and rehearsed her that she could go ahead and do that. And at -- and you know, during this deposition, I want to be referred to as Ms. Versage.  I want to be treated with respect and dignity, just like every human being deserves.  And I just -- I hope -- I'm going to try to do my best to answer the questions to the best of my ability.  I'm going to do my best to tell the truth. And – and I'm hoping that I can get the whole truth out because there is a lot of truth that hasn't been told by other people that was representing Marriott in their testimonies and depositions.  And I'm hoping that my attorney will represent me to the fullest of his capabilities without putting unnecessary pressure on me.  And I hope that things will be done in a proper way and I will not -- and I will get the proper representation without being -- being pressured as to –

At that point, Siverson announced that he perceived an irreconcilable conflict with Versage and intended to file a motion to withdraw.   Accordingly, the deposition was adjourned and Siverson filed his motion.  Docket 32.  Siverson's motion stated that Marriott did not oppose his withdrawal so long as his withdrawal did not prejudice Marriott's right to complete Versage's videotaped deposition or interfere with obligations established by the Case Management and Scheduling Order. Docket 32 at 5.

The Court held a hearing on Siverson's motion to withdraw on August 28, 2006. Counsel for both parties and Versage appeared. The Court held a 50 minute hearing in which all present were given an opportunity to address both Siverson's motion and Marriott's concerns about the effect of the withdrawal. The Court found good cause existed to grant Siverson's motion to withdraw. Given the history of Versage's deposition and the imminently approaching deadlines established in the CMSO, the Court informed Versage it intended to order her to appear for her deposition. The Court discussed with Versage and Marriott's counsel both the date and location for the deposition. Although Versage had appeared at the Marriott Grand Lakes for other depositions and this was a facility that was available without charge to the parties, Versage objected to the location. Versage, however, was unwilling to share in the costs associated with renting another facility. The Court found Versage's objections to be without merit and ordered her to appear at the Marriott Grand Lakes facility for the completion of her deposition. Further, no objection was made to conducting the deposition on August 31, 2006, so the Court selected that date for the deposition. The Court's order was conveyed to the parties both at the time of the hearing and by written order. Docket 36 at 2.

On August 30, 3006, Versage filed an appeal of the undersigned's order allowing Siverson to withdraw. Docket 38. Versage's appeal also requested that the action be stayed, but she did not expressly appeal the order to appear for deposition. Instead, Versage filed five companion motions to the appeal, again requesting a stay of the action, rescheduling of her deposition, to "re-do" the Case Management Report, and to obtain all of the case information from Siverson. Docket 37, 39, 40, 41, 42. Versage did not confer with Marriott's counsel regarding these motions as required by Local Rule 3.01(g), and as reaffirmed by the Court's order on August 28, 2006. Docket 36, 44.

Despite the lack of a court order on her various motions, Versage did not appear for her deposition on August 31, 2006.  Nor did she inform Marriott's counsel of her intention not to appear.  Docket 43 at 5-6.

Marriott now moves for a terminating sanction due to Versage's repeated failure to cooperate with the taking of her deposition, and violation of this Court's order to appear for deposition.  Docket 43.  Versage has not filed a response to the motion to dismiss.  The Honorable Patricia C. Fawsett recently denied Versage's appeal of the undersigned's order permitting Versage's attorney to withdraw, and struck all of Versage's motions requesting a stay and continuation of the deposition for failure to confer with Marriott's counsel as required by Local Rule 3.01(g).  Docket 47.

II.  **ANALYSIS**

Failure to obey an order to provide or permit discovery may result in the imposition of sanctions.  Fed. R. Civ. P. 37(b)(2).  The Court may sanction a disobedient party by striking pleadings, staying further proceedings pending compliance, or terminating the action by default or dismissal.  Fed. R. Civ. P. 37(b)(2)(C).  For willful violations of discovery orders, the Court has discretion to dismiss the entire action or any part thereof.  *Id.*

Dismissal with prejudice is the most severe Rule 37 sanction, but it may be appropriate when a party's noncompliance "is due to wilfulness, bad faith or fault."  *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir.1993) (citation omitted).  Because dismissal with prejudice is considered a drastic sanction, a district court may only implement it as a last resort, when: (1) a party's failure to comply with a court order is a result of willfulness or bad faith, and (2) the district court finds that lesser sanctions would not suffice.  *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir.1993) ("Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not

justify a Rule 37 default judgment or dismissal."); *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1375 (11th Cir.1999) ("[W]here any other sanction would fail to cure the harm . . ., dismissal may be appropriate.").   Conduct that is within the party's control is all that is required to demonstrate willfulness.  *See, Phillips v. Ins. Co. of N. Am.*, 633 F.2d 1165, 1167 (5th Cir. 1981) ("'recalcitrance . . . was not based on factors beyond [party's] control' and must be characterized as 'flagrant disregard' and 'willful disobedience'"); *Henry v. Gill Indus., Inc.*, 983 F.2d 943, (9th Cir. 1993) ("'disobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault'").

Although the Court is required to consider carefully the circumstances justifying the sanctions order, at the same time courts are admonished not to be lenient in the imposition of a terminating sanction.   The reason for this is because "Rule 37 sanctions were designed not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."  *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1447 (11th Cir.1985), *citing, Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976).

In this case, Versage has obstructed Marriott's ability to effectively take her deposition.  When she was represented by counsel, she refused to follow her attorney's instructions regarding proper conduct during the deposition.   After her attorney's withdrawal, she refused to comply with the Court's order that she appear for the continuation of the deposition.   Versage's refusal to cooperate with the taking of her deposition had fundamentally affected Marriott's ability to prepare its defense. Marriott asserts that Versage's failure to cooperate has resulted in an unpreparedness for trial, although the parties were supposed to have filed their Joint Pretrial Report over a month ago.  Docket 46 at 3.

-6-

Although Versage is now *pro se*, she is required to comply with the Local Rules of the Middle District of Florida and the Federal Rules of Civil Procedure. *See, e.g., Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.1989). The law is well established that the filing of a motion for protective order does not operate as an automatic stay of discovery. *See, Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979) (the court's inaction on litigant's motion did not relieve him of the duty to appear for his deposition). Versage's filing of a motion to stay the action and to continue the deposition the day before her ordered deposition did not relieve her of the responsibility to appear for her deposition.

The Court finds that Versage's failure to cooperate with the taking of her deposition was willful. The Court also finds that Versage willfully failed to comply with the CMSO and cooperate in preparing the Joint Pretrial Statement. The Court specifically warned Versage that "failure to timely appear for the deposition or obstruction of the deposition will be grounds for dismissal of the case with prejudice." Docket 36. The CMSO also warns that the Court will impose sanctions on any party or attorney who fails to attend and to actively participate in the meeting to prepare the Joint Pretrial Statement, and that sanctions may include, but are not limited to, dismissal of the case. Docket 20 at 12.

The Court finds that no sanction less than dismissal will suffice in this case. Versage's noncompliance with this Court's orders not only is an affront to the Court's authority, but has prejudiced Marriott in its defense and constitutes a failure to prosecute. *See, Hepperle*, 590 F.2d at 613 (plaintiff's willful refusal to appear for deposition was a failure to prosecute warranting dismissal); *Reed v. Fulton County*, 170 Fed. Appx. 674; 2006 U.S. App. LEXIS 6142 (11th Cir. 2006) (affirming dismissal of pro se plaintiff's employment discrimination for failure to appear for deposition despite court order to do so); *Phipps v. Blakeney*, 8 F.3d 788 (11th Cir. 1993)(same).

**IT IS, THEREFORE, RECOMMENDED** that

1.      Marriott's motion to dismiss be granted;

2.      The Court dismiss Versage's complaint with prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 8, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Patricia C. Fawsett
Counsel of Record
Unrepresented Party