UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GENE VERSAGE,

Plaintiff,

-vs-                                                    Case No.  6:05-cv-974-Orl-19JGG

MARRIOTT INTERNATIONAL, INC.,

Defendant.

## ORDER

This case comes before the Court on the following:

1.      Report And Recommendation (Doc. No. 48, filed November 8, 2006);

2.      First Attempt To Partially Answer, Appeal, Object To And Any Other Legal Term That Can Be Used To Report And Recommendation And All Other Matters Of This Case (Doc. No. 59, filed November 17, 2006); and

3.      Second Partial Answer To Report And Recommendation (Doc. No. 64, filed December 6, 2006).

**Background**

Plaintiff Gene Versage brought the instant case against Defendant Marriott International, Inc. for violations of Title 42 U.S.C. § 2000e and Section 760.10 of the Florida Statutes. (Doc. No. 1). As the case progressed, opposing counsel agreed to a time and place to conduct the deposition of Plaintiff. (Doc. No. 32, filed August 18, 2006; Doc. No. 35, August 28, 2006 Hearing before the Magistrate Judge). On August 8, 2006, Plaintiff did not arrive for her deposition on time, and she claimed that she did not know where or when she was supposed to appear for such deposition. (*Id.*).

Thereafter, Plaintiff delayed the deposition again when she objected to the presence of a video-stenographer, although such information was properly included in the deposition notice. (*Id.*). Once opposing counsel began questioning Plaintiff, she failed to listen or respond to his questions. (*Id.*). Both Plaintiff's counsel and opposing counsel attempted to focus Plaintiff's responses to the pending questions, but Plaintiff continued to give non-responsive answers. (*Id.*). Eventually, the deposition was adjourned, and Plaintiff, Plaintiff's counsel, and opposing counsel agreed to continue the deposition on the last day of the discovery period, August 15, 2006. (*Id.*).

On that day, Plaintiff brought a Bible to the deposition. (*Id.*). Both counsel requested that she remove the Bible and some other papers from the view of the video camera, and she refused. (*Id.*). Plaintiff was asked take the oath administered by the court reporter, but she refused. (*Id.*). Instead, Plaintiff questioned the competency of her counsel and alleged that Defendant continued to harass her while deposing other witnesses. (*Id.*). At that point, Plaintiff's counsel adjourned the deposition so that he could withdraw. (*Id.*).

After giving proper notice, the Magistrate Judge held a hearing on Plaintiff's counsel's motion to withdraw in which Plaintiff, Plaintiff's counsel and Defendant's counsel participated. (*Id.*). The Magistrate Judge granted the motion to withdraw after conducting a fifty (50) minute hearing in which all persons present were given a full and fair opportunity to address the motion to withdraw and opposing counsel's concerns regarding such motion. (*Id.*). This Court subsequently affirmed that decision. (Doc. No. 48).

At that hearing, the Magistrate Judge also informed Plaintiff that he intended to order her to appear to finish the deposition. (*Id.*). The Magistrate Judge addressed the specifics of the deposition with both Plaintiff and opposing counsel. (*Id.*). Plaintiff objected to holding the deposition at a

Marriott facility but also refused to share the costs associated with renting another facility. (*Id.*). The Magistrate Judge found her objection to be without merit and ordered Plaintiff to appear at the Marriott facility. (*Id.*). The order of the Magistrate Judge was conveyed orally to all persons present at the August 28, 2006 hearing and by written order. (*Id.*; Doc. No. 36). In his order, the Magistrate Judge warned, "Failure to timely appear for the deposition or obstruction of the deposition will be grounds for dismissal of the case with prejudice." (Doc. No. 36, p. 2).

Although Plaintiff had been instructed to appear at the deposition and instructed that her failure to appear would be grounds for dismissal, Plaintiff did not appear on the date the Magistrate Judge set to continue her deposition. (Doc. No. 48, p. 5). According to opposing counsel, Plaintiff did not attempt to inform him of her intention. (*Id.*). Defendant then filed with the Court the pending Motion to Dismiss. (Doc. No. 43).

On November 8, 2006, the Magistrate Judge issued a Report and Recommendation finding that Plaintiff willfully failed to cooperate in the taking of her deposition and failed to comply with the Case Management and Scheduling Order ("CMSO") in preparing a Joint Pretrial Statement. (Doc. No. 48, p. 7). The Magistrate Judge explained that the CMSO informed litigants that the Court will impose sanctions for failure to actively participate in the meeting to prepare the Joint Pretrial Statement and that such sanction could include the dismissal of the case. (*Id.*). Based on these two findings, the Magistrate Judge recommended dismissing the case. (*Id.*).

## Applicable Standards

Out of an abundance of caution, the Court will conduct a *de novo* review although it questions whether Plaintiff's paper filed at docket number 64 contains proper, specific objections

to the Magistrate Judge's report.[1] *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992) (quoting

*LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988)).  When conducting a *de novo* review, the

District Court's consideration of the factual issues must be independent and based upon the record

before the Court. *LoConte*, 847 F.2d at 750. "To the extent that the magistrate judge has made

findings of fact based upon the testimony of the witnesses heard before the magistrate judge, the

district court is obligated to review the transcript or listen to the tape-recording of those

proceedings." *Id.*

## Discussion

In this case, the Case Management And Scheduling Order ("CMSO") required that the

litigants meet in person on or before September 15, 2006 in a good faith effort to (1) settle the case,

(2) narrow the issues for trial,(3) prepare exhibits for trial, and (4) exchange the names and addresses

of all witnesses. (Doc. No. 20, pp. 7-8). In conjunction with this meeting, all parties are responsible

for filing a Joint Pretrial Statement in compliance with the Court's CMSO. (*Id.* at 9). The Magistrate

Judge found, and this Court agrees, that Plaintiff's lack of cooperation has resulted in the failure of

the parties to file a Joint Pretrial Statement. (*See* Doc. No. 48, pp. 6, 7). Consequently, this case is

not prepared for trial. The Court finds that sanctions are appropriate.

In addition, the Court agrees with the Magistrate Judge's finding that Plaintiff willfully failed

to comply with an Order of the Court. Plaintiff, after receiving both an oral Order and a written

Order from the Court, failed to appear for her deposition. Her recalcitrance has prevented Defendant

---

[1] Plaintiff's objections to the issues raised in the Report and Recommendation do not meet the specificity required to challenge the findings and recommendations of the Magistrate Judge. *See Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989). To do so properly, Plaintiff must specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for such objection. *See id.* She has not done so here.

from formulating an appropriate defense to her claims and has created a situation where no party is prepared for trial. Plaintiff's actions go beyond simple negligence. The docket in this case reflects Plaintiff's repeated failure to comply with Orders of the Court, failure to attend hearings, and failure to cooperate so that this case can be resolved.

Federal Rule of Civil Procedure 37 permits the Court to dismiss a case where a party fails to attend her own deposition, although such a sanction is available "only in extreme circumstances," FED. R. CIV. P. 37(d); *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984). Such circumstances include cases in which there is "evidence of the sanctioned party's willfulness, bad faith or fault in failing to comply with a discovery order." *Id.* (citing *EEOC v. Troy State University*, 693 F.2d 1353, 1354 (11th Cir. 1982)). Conduct amounting to "flagrant disregard" and "willful disobedience" rises to the level of willfulness. *Phillips v. Ins. Co. of N. Am.*, 633 F.2d 1165, 1167 (11th Cir. 1981).

Such a drastic sanction is appropriate in the instant case. Plaintiff had the ability to appear for her deposition and comply with the Order of the Magistrate Judge. She had done so previously under the exact same conditions.  She refused to comply with the oral and the written Order of the Court to appear to complete her deposition. An inference of willfulness arises from such circumstances. *See Reed v. Fulton County*, 170 Fed. Appx. 674 (11th Cir. 2006). Because of Plaintiff's failure to appear for, and participate in, her deposition, Defendant's ability to formulate a defense has been prejudiced, and it has not been able to prepare for trial.

Moreover, Plaintiff's recalcitrance and refusal to cooperate with opposing counsel has caused the parties to miss the deadline for submitting a Joint Pretrial Statement to the Court. Such internal measures are necessary for the Court to conduct fair, timely and efficient trials.  Further, failure to adhere to this Court's CMSO impacts not only the instant case but also the Court's ability to manage

the rest of its heavy trial docket. Under such circumstances, the sanction of dismissal of this action

with prejudice is appropriate.

## Conclusion

Based on the foregoing, the Court **ADOPTS** the Report and Recommendation (Doc. No. 48)

of the Magistrate Judge, **GRANTS** the Motion To Dismiss As Sanction For Failure To Comply With

Court Order To Appear For Deposition (Doc. No. 43) of Defendant Marriott International, Inc.,

**DENIES AS MOOT** all motions still pending, and **DISMISSES** this case with prejudice. The Clerk

of Court is directed to close this case.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on December 11, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party

-6-